### 20358

Ralph C. TRAMMELL, Appellant, v. Jean L. TRAMMELL, Respondent (two cases).

(282 S. E. (2d) 339)

*Julius B. Aiken, Esq.,* of Greenville, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd and Mann,* of Greenville, *for Respondent,*

February 8, 1977.

GREGORY, Justice:

Ralph Trammell appeals from a decree of the Family Court of Greenville County granting him a divorce but requiring him to pay $225.00 per month in alimony. He also appeals from an order adjudging him in contempt for failure to make these payments for several months. The primary issue is whether alimony should have been awarded and if so, the amount appropriate. We find the lower court abused its discretion and reverse.

Mr. and Mrs. Trammell had been living apart for about 10 years when Mr. Trammell filed for a divorce, a vinculo matrimonii, on the ground of 3 years separation. Mr. Tram-

mell was then paying his wife $275.00 a month in support payments pursuant to a previous order of the court. In addition to a divorce, Mr. Trammell sought an end to the support payments because of changes in his financial and physical condition. The lower court reduced the payments to $225.00 per month.

At the time of the divorce action both parties had reached age 65 and were drawing social security payments. Both parties were at least partially disabled due to declining health and advanced age.

Mr. Trammell's only sources of income were a salary from the automobile tire business he owned and payments from the Social Security Administration. Together these totaled approximately $485.00 a month. The business had decreased over the years and had lost money in the year previous to the one in which suit was brought. The record shows that the business's net worth was small and the chances for future profitability were slight. Mr. Trammell owned no real property.

Mrs. Trammell had an equity in the house in which she was living and owned a onehalf interest in the real property on which the tire business was situated. (Mr. Trammell had conveyed this interest to her.) She derived income from social security, rental of the business property and rental of an apartment in her house. The income totaled approximately $425.00 per month.

Mrs. Trammell had worked in the service department of an appliance store up until about a year before the hearing. The department was then discontinued and her services were no longer needed. Thereafter she sought part-time employment, but without success.

The facts as developed by the record show that the lower court abused its discretion by awarding excessive alimony of $225.00 per month. We therefore reverse both orders of the lower court—the grant of alimony and the finding of

contempt. We remand the case for consideration of the amount of alimony (if any) to be awarded. The court shall consider its contempt judgment in light of its findings on alimony.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.